**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4334**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

GERARD MAURICE EPPS,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Richard D. Bennett, District Judge.
(1:10-cr-00407-RDB-1)

_____

Submitted: January 26, 2012       Decided: February 24, 2012

_____

Before GREGORY, SHEDD, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Gary A. Ticknor, Elkridge, Maryland, for Appellant. Rod J.
Rosenstein, United States Attorney, John W. Sippel, Jr.,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerard Maurice Epps pled guilty pursuant to a conditional plea agreement to one count of being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (2006). Epps appeals the district court's order denying his motions to suppress the direct and derivative products of a search, conducted pursuant to a warrant, of a residence from which Epps was suspected of distributing crack cocaine. We affirm.

We consider first Epps' contention that the district court erred in denying his request for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). We review de novo the legal determinations underlying a district court's denial of a Franks hearing, while its factual findings are reviewed for clear error. United States v. Allen, 631 F.3d 164, 171 (4th Cir. 2011). The purpose of a Franks hearing is to determine whether, but for the inclusion of intentional or reckless misstatements by the affiant, an affidavit would not support a finding of probable cause. United States v. Clenney, 631 F.3d 658, 663 (4th Cir. 2011). "Allegations of negligence or innocent mistake are insufficient" to warrant a Franks hearing. United States v. Tate, 524 F.3d 449, 454 (4th Cir. 2008) (internal quotation marks omitted). When, as here, a defendant bases his request for a Franks hearing on alleged omissions,

2

rather than a "false affirmative statement," his burden increases. Id. A defendant who alleges intentional or reckless omissions "is required to make a substantial preliminary showing that [the affiant] omitted material facts that when included would defeat a probable cause showing." Id. at 455 (internal quotation marks and citation omitted); see also United States v. Colkley, 899 F.2d 297, 301 (4th Cir. 1990).

Here, although claiming recklessness in the district court, Epps offered only conjecture regarding what information the affiant officer might have omitted from the affidavit, thus falling far short of making a "substantial preliminary showing." Id. Furthermore, Epps failed to specifically indicate how any of the alleged omissions would have defeated a finding of probable cause. See Colkley, 899 F.2d at 301. Accordingly, we find that the district court did not err in denying Epps' request for a Franks hearing.

We turn next to Epps' contention that the district court erred in holding that probable cause supported the warrant and that, in the alternative, the good faith exception to the exclusionary rule, articulated in United States v. Leon, 468 U.S. 897 (1984), was applicable. We exercise our discretion to forgo discussing the validity of the search warrant and proceed directly to the applicability of the good faith exception. United States v. Andrews, 577 F.3d 231, 235 (4th Cir. 2009). We

3

review de novo the district court's legal conclusions and its factual findings for clear error. United States v. Guijon-Ortiz, 660 F.3d 757, 762 (4th Cir. 2011). We construe the evidence in the light most favorable to the Government, the prevailing party below. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004).

Pursuant to the good faith exception, when an officer acts "with objective good faith within the scope of a search warrant issued by a magistrate," suppression of the evidence obtained by the officer does not serve the exclusionary rule's deterrence objective. United States v. Perez, 393 F.3d 457, 461 (4th Cir. 2004) (internal quotation marks omitted). "Usually, a warrant issued by a magistrate suffices to establish that a law enforcement officer has acted in good faith in conducting the search." United States v. Doyle, 650 F.3d 460, 467 (4th Cir. 2011) (internal quotation marks and alteration omitted).

However, an officer's reliance on a warrant is not objectively reasonable if:

    (1) the magistrate or judge was misled by information in an affidavit that the affiant knew was false or would have known was false but for his reckless disregard of the truth;

    (2) the magistrate wholly abandoned the role of a detached and neutral decision maker;

    (3) the affidavit supporting the warrant is so lacking in indicia of probable cause as to render the

4

officer's belief in its existence totally unreasonable; or

(4) the warrant is so facially deficient, by failing to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid.

Id. at 467-70. Epps' arguments on appeal focus on the second and third scenarios. Because Epps contends that the state judge acted as a "rubber stamp" by issuing the warrant based on an inadequate affidavit and also alleges that the affidavit contained insufficient information to warrant reasonable reliance by an executing officer, his claims are most appropriately analyzed solely under the third exception. See United States v. Wellman, 663 F.3d 224, 229 (4th Cir. 2011); Doyle, 650 F.3d at 470.

In United States v. Wilhelm, 80 F.3d 116 (4th Cir. 1996), we found unreasonable an officer's reliance on the warrant at issue due to the "bare bones nature of the affidavit" and the fact that the "state magistrate could not have acted as other than a rubber stamp in approving such an affidavit." Id. at 121 (internal quotation marks omitted). Epps' attempt to draw a connection between Wilhelm and the facts of his case is unavailing.

Here, the affidavit in question was far more detailed and information-rich than the affidavit we considered in Wilhelm. More importantly, unlike in Wilhelm, the affidavit

5

indicated that the affiant officer corroborated, through independent investigation, a significant portion of the detailed information supplied by the informant. Id. at 121-23. Therefore, we conclude that the affidavit warranted a reasonable officer's belief that it supported probable cause. Moreover, given that the contents of the affidavit alone supported this conclusion by the district court, we hold that the denial of Epps' request to question the affiant officer during the suppression hearing was not an abuse of discretion. See United States v. Rooks, 596 F.3d 204, 209-10 (4th Cir.) (noting abuse of discretion standard of review governs evidentiary rulings in suppression hearing), cert. denied, 131 S. Ct. 148 (2010).

Accordingly, we affirm the judgment below. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED